Nicholas M. Pette, J.
These are consolidated motions; by plaintiff to increase alimony and for counsel fees, brought on by orders to show cause dated October 26, 1956 and June 19, 1958, and the defendant’s cross motions to reduce alimony, brought on by notices dated November 6,1956 and July 29, 1958. By stipulation dated December 5,1958, signed by the parties and their respective attorneys said motions were submitted to me for decision.
It appears that by judgment of this court (Wilson, J.) dated April 2, 1941, plaintiff was granted a separation from the defendant on the grounds of abandonment and refusal and neglect to make proper provision for plaintiff and the two children of the parties (then 18 and 13 years of age). Plaintiff was then awarded $40 per week for her support and for the support of said children. On defendant’s appeal, said judgment was unanimously affirmed in January, 1942 (263 App. Div. 878) and leave to appeal to the Court of Appeals was denied.
Thereafter, by order dated April 13, 1951 (Van Siclen, Off. Ref.), said judgment was amended so as to direct defendant to provide solely for plaintiff’s support, permanent alimony in the sum of $100 per week commencing March 19, 1951. On defendant’s appeal and plaintiff’s cross appeal said order directing $100 weekly support for plaintiff was unanimously affirmed both by the Appellate Division and the Court of Appeals (278 App. Div. 1006, affd. 304 N. Y. 567). Subsequently, by order dated June 27, 1952 (Hill, J.), defendant was directed to pay the then accumulated arrears in alimony amounting to $3,090 and defendant’s cross motion for reduction in alimony was denied in all respects. Thereafter, by my order dated July 21, 1952, defendant was directed by way of additional alimony to provide plaintiff with the monthly carrying charges of the residence at 69-56 Exeter Street, Forest Hills, New York, held by the parties as tenants by the entirety and occupied by the plaintiff as her home, said charges then amounting to $172.14 monthly. The defendant appealed, and said order was unanimously affirmed by the Appellate Division (280 App. Div. 941) and leave to appeal was denied by the Court of Appeals (304 N. Y. 987).
Thereafter by order of Mr. Justice Ritchie dated April 20, 1956, judgment for arrears in alimony amounting to $1,665 as of March 22,1956 was directed to be entered and the defendant’s cross motion to reduce the alimony to $100 per week plus $172.14 monthly carrying charges was denied and the defendant was directed to furnish a $10,000 bond as security for payment of *695 future alimony, Defendant’s motion for reargument of Ms motion to reduce the alimony was denied. Subsequently by order of this court (Stier, J.) dated July 23, 1956, plaintiff was appointed receiver in sequestration of the defendant’s assets, and defendant’s cross motion to reduce alimony and cancel arrears in alimony was denied in all respects, and the defendant and third parties were directed to turn over defendant’s assets to plaintiff as receiver in sequestration.
It also appears that in August, 1956, plaintiff, individually and as such receiver in sequestration, instituted an action in the Supreme Court, New York County, against the defendant and third parties to set aside conveyances and transactions pertaining to defendant’s assets and businesses, which had taken place between defendant and said third parties. It also appears that the defendant, individually and as trustee of Fergus Enterprises, Inc., “Experimental Department” also instituted an action in that court against Fergus Enterprises, Inc., and Fergus Imported Cars, Inc., to set aside increases in salary voted to him and others and for waste. Pending said actions, plaintiff moved for an increase of alimony, and defendant cross-moved for a reduction in alimony and cancellation of arrears. By my order, said motions were referred to an Official Referee, but no proceedings were had before said Official Referee, and said motions are now before me for decision.
Thereafter, by my order dated December 10, 1956, I granted plaintiff’s motion as receiver to direct the turnover of assets, in particular, the sum of $1,724.80 in the possession of the defendant and Fergus Enterprises, Inc., and Fergus Imported Cars, Inc., to plaintiff, and I denied defendant’s cross motion for reduction in alimony and cancellation of arrears. Further relief sought by plaintiff, namely to direct installment payments on account of the judgment, etc., was referred to the Official Referee, who had been appointed to hear plaintiff’s motion for increase in alimony and defendant’s cross motion to reduce alimony.
Subsequently, after trials in the aforesaid New York County Supreme Court actions before Mr. Justice Diueeu and Mr. Justice Bekvenga, stipulations were entered into both dated May 23, 1958, settling said actions as set forth in said stipulations. Mr. Justice Bbnvexga allowed plaintiff’s counsel, Charles W. Silver, a fee in the sum of $10,000, wMch was paid by the defendant.
By order to show cause dated June 19, 1958, returnable on June 26, 1958, plaintiff moved for an increase in alimony and *696 said motion was referred to an Official Referee by Mr. Justice Gboat. Plaintiff then moved to reargue said determination so as to refer said motion to me. Defendant, by notice dated July 29, 1958 served a cross motion to decrease the alimony. Mr. Justice Gboat on such reargument referred said motions to me and the same are now before me for decision.
From the foregoing chronology of the proceedings had in this action, it is manifest that the contest between the parties as to proper and adequate support for the plaintiff, has been protracted and vigorously pursued by both sides. It appears from the papers before me that plaintiff is now receiving $100 per week for her support and that in addition thereto the defendant is paying the carrying charges on the one-family house in which the plaintiff lives.
Upon all the facts before me, I am satisfied that the defendant is at present capable of paying the sum of $125 weekly for the support and maintenance of the plaintiff, and in addition thereto the carrying charges for the home at No. 69-56 Exeter Street, Forest Hills, New York, said carrying charges to include, taxes, water and sewer charges, fire and liability insurance premiums, fuel for heating and the payments of the interest and amortization of principal on the mortgage or mortgages on said home.
With respect to plaintiff’s request for a counsel fee, in fixing the amount of counsel fees for the services rendered by plaintiff’s attorney, Charles W. Silver, in these motions, the court cannot disregard the fact that he received a generous fee, i.e., $10,000 in the sequestration action plaintiff instituted as receiver in sequestration in the New York County Supreme Court, which action was an outgrowth of this matrimonial action. In such circumstances, the court in the exercise of discretion is of the opinion that a counsel fee in the sum of $500 is ample and adequate.
Accordingly, plaintiff’s motions for an increase in alimony are granted and the defendant is directed to pay the plaintiff the sum of $125 per week, and in addition thereto the carrying charges for the home, as aforesaid; and plaintiff’s motion for a counsel fee is granted and defendant is directed to pay plaintiff the sum of $500 as a counsel fee for the services of her attorney, Charles W. Silver. The defendant is directed to make the aforesaid payments, including said counsel fee, within 10 days after the service of a copy of the order to be settled and entered hereon, with notice of entry thereof upon the defendant’s attorney. The defendant’s motions are in all respects denied. Settle order on notice.